# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 139, AFL-CIO, KAREN ERICKSON, and HEATH HANRAHAN, | )<br>)<br>) |
| Plaintiffs, | ) CASE NO.<br>)<br>) JUDGE |
| v. | )<br>) MAGISTRATE JUDGE |
| JAMES J. DALEY, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE WISCONSIN EMPLOYMENT RELATIONS COMMISSION, | )<br>)<br>)<br>) |
| Defendant. | ) |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This action is brought under 42 U.S.C. § 1983, and the First and Fourteenth Amendments of the United States Constitution to challenge changes made to Wisconsin Statutes § 111.70, *et seq.,* pursuant to a budget repair bill known as 2011 Wisconsin Act 10 ("Act 10"). In support thereof, Plaintiffs state as follows.

### **Jurisdiction and Venue**

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is responsible for administering Wisconsin Statute § 111.70, *et seq.*, throughout the State, including this District. Moreover, the recertification elections referenced herein occurred within this District.

**Parties**

3. Plaintiff, International Union of Operating Engineers Local 139 ("Local 139"), is a labor organization, as defined under the National Labor Relations Act, 29 U.S.C. §152(5) and the Wisconsin Municipal Employee Relations Act, Wis. Stat. 111.70(h), representing approximately 9,500 working men and women in Wisconsin. Local 139 maintains its headquarters in Pewaukee and additional offices in Madison, Altoona, and Appleton, Wisconsin.

4. Since 1902, Local 139 has represented thousands of Operating Engineers in Wisconsin, including those who are employed by public employers within Wisconsin, including cities, counties and townships and who perform construction, maintenance and repair work.

5. Plaintiffs, Karen Erickson and Heath Hanrahan, are each members of Local 139 and employed by Marinette County, Wisconsin, in a bargaining unit previously represented by Local 139.

6. Defendant, James J. Daley, is sued in his official capacity as the Chair of the Wisconsin Employment Relations Commission, which is responsible for conducting elections and, enforcing and resolving disputes arising under Wisconsin Statutes §111.70., *et seq.*, including the changes pursuant to Wisconsin's Act 10.

**Legal Background**

7. In *Janus v. AFSCME*, 585 U.S. __; 138 S.Ct. 2448 (2019), the United States Supreme Court overruled its prior decision in *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), and declared public sector agency fee arrangements unconstitutional under the First Amendment.

2

8. *Abood* held that public employers and the union representatives of their public employees can negotiate collective bargaining agreements which include union security clauses requiring individuals to pay fair share fees as a condition of employment. Such fees, however, could only be used for negotiation and administration of collective bargaining agreements and cannot be used for political purposes, lest they violate the First Amendment.

9. In overruling *Abood*, *Janus* held that it violates the First Amendment right of a non-member to be compelled to pay fees to the union that is required by law to provide representation and services.

10. The Supreme Court explained in Janus that "[w]e have held time and again that freedom of speech 'includes both the right to speak freely and the right to refrain from speaking at all." (slip op. p 8). It explained that:

> [w]hen speech is compelled, however, additional damage is done. In that situation, individuals are coerced into betraying their convictions. Forcing free and independent individuals to endorse ideas they find objectionable is always demeaning, and for this reason, one of our landmark free speech cases said that a law commanding 'involuntary affirmation' of objected-to beliefs would require 'even more immediate and urgent grounds' than a law demanding silence. (Slip op. p. 9).

11. The Supreme Court explained in *Janus* that "[w]hen a large number of employees speak through their union, the category of speech that is of public concern is greatly enlarged, and the category of speech that is of only private concern is substantially shrunk." (Slip op. p. 24). Indeed, the Supreme Court made clear that issues over which unions may bargain are matters of great public concern, and not mere private interests. (Slip op. p. 27-31). Among the matters of public concern on which Unions speak, both in and out of collective bargaining, are "how public money is spent. . . education, child welfare, healthcare and minority rights[,]" plus "controversial subjects such as climate change, the Confederacy, sexual orientation and gender identity,

3

evolution, and minority religions." (Slip op. p. 29-30). The Supreme Court recognized these "sensitive political topics [as] undoubtedly matters of profound 'value and concern to the public.'" (Slip op. p. 30-31).

12. This lawsuit is brought in good faith for the Court to evaluate Act 10, in light of the decision in *Janus,* and as such raises arguments not previously ruled upon by either the District Court or the United States Court of Appeals for the Seventh Circuit with respect to Act 10.

13. In 2011, the Wisconsin Legislature enacted 2011 Wisconsin Act 10, a budget repair bill that made sweeping changes to the governance of employment relations and collective bargaining for public employees and labor organizations covered by the Municipal Employment Relations Act ("MERA"), Wis. Stat. § 111.70, *et seq.*

14. Among other things, Act 10 amended the statute that governs collective bargaining between municipal employers and their certified representatives under MERA. Wis. Stat. § 111.70(4)(mb)1 reads in part:

> *Prohibited subjects of bargaining; general municipal employees.* The municipal employer is prohibited from bargaining collectively with a collective bargaining unit containing a general municipal employee with respect to any of the following:
>
> > 1. Any factor or condition of employment except wages, which includes only total base wages and excludes any other compensation, which includes, but is not limited to, overtime, premium pay, merit pay, performance pay, supplemental compensation, pay schedules, and automatic pay progressions.

15. Act 10 amended the sections of the statute that governs deduction of labor organization dues under MERA. Wis. Stat. § 111.70(3g) reads:

> WAGE DEDUCTION PROHIBITION. A municipal employer may not deduct labor organization dues from the earnings of a general municipal employee or supervisor.

4

16. Act 10 amended the sections of the statute that governs recertification elections of the representatives of all bargaining units under MERA. Wis. Stat. § 111.70(4)(d)3b reads, in part:

> Annually, the commission shall conduct an election to certify the representative of the collective bargaining unit that contains a general municipal employee … The commission shall certify any representative that receives at least 51 percent of the votes of all of the general municipal employees in the collective bargaining unit. If no representative receives at least 51 percent of the votes of all of the general municipal employees in the collective bargaining unit, at the expiration of the collective bargaining agreement, the commission shall decertify the current representative and the general municipal employees shall be nonrepresented.

17. The changes to Wisconsin Statute §111.70, *et. seq.* made by Act 10 have caused and continues to cause irreparable injury to the Unions.

## Count I
## Compelled Speech

18. Plaintiffs reallege and incorporate herein by reference each and every allegation of Paragraphs 1-21.

19. In the provision of Act 10 requiring annual recertification elections, it declares that a non-vote is a vote against Union representation. Wis. Stat. § 111.70(4)(d)3b.

20. By equating not voting with voting no, Act 10 directly infringes on the rights of public employees to not engage in speech.

21. Local 139 and the individual Plaintiffs have been directly harmed by this provision of Act 10 in recertification elections, the results of which were certified in April 2019. Local 139 received 100% of all ballots cast, but because Act 10 equates not voting with a "no" vote, it was not recertified as the bargaining unit representative for such employees.

22. By counting a non-vote as a "no" vote, Act 10 violates the First Amendment rights of public employee non-voters to remain silent in the re-certification process.

5

WHEREFORE, Plaintiffs respectfully request the following relief:

a. A declaration that the referenced changes made pursuant to Act 10, to Wisconsin Statute § 111.70, are unconstitutional in violation of the First Amendment and 42 U.S.C. § 1983 and therefore unlawful and invalid as applied to unions, municipal employers, and employees;

b. An injunction enjoining Defendants, their agents, employees, assigns, and all persons acting in concert or participation with them from enforcing Wisconsin Statute §111.70 to the extent that it compels municipal employees to speak by either forcing them to vote in a recertification election or by deeming their silence to be speech;

c. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as the Court deems just and proper.

## Count II
## Restrictions on Non-Collectively Bargained Agreements

23. Plaintiffs reallege and incorporate herein by reference each and every allegation of Paragraphs 1-21.

24. Act 10 has been interpreted and applied by the WERC to preclude any agreements between Unions and municipalities over any issues besides wages, even if not "collectively bargained."

25. For example, one municipal employer sought Local 139's assistance with training its workforce. Local 139 sponsors an apprenticeship and training center that could provide the training in which the municipal employer was interested, in an effective, cost efficient manner.

26. Another municipal employer wanted to obtain, with Local 139 assistance, access to

a skilled, temporary workforce to handle seasonal busy periods.

27. Another municipal employer sought Local 139's assistance with health benefit coverage for its workforce. Local 139 sponsors a Taft-Hartley Health and Welfare Trust Fund which could provide health benefit coverage, in which the municipal employer was interested, in an effective, cost efficient manner.

28. Because of Act 10, as interpreted by the WERC, the parties were precluded from entering into agreement to address such issues, despite the expectation that said terms would be voluntarily adopted by the municipality, outside of collective bargaining.

29. Such an interpretation and application of Act 10 imposes an arbitrary restriction Unions' ability to negotiate and/or contract with municipal employers on matters of significant public concern, outside of the collective bargaining context, in violation of the First Amendment and/or Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. A declaration that the referenced changes made pursuant to Act 10 to Wisconsin Statute § 111.70, are unconstitutional in violation of the First Amendment and/or Fourteenth Amendment and 42 U.S.C. § 1983 and therefore unlawful and invalid as applied to unions and municipal employers;

b. An injunction enjoining Defendants, their agents, employees, assigns, and all persons acting in concert or participation with them from enforcing Wisconsin Statute §111.70 to the extent that it prohibits an employer and a union covered by Act 10 from entering into contracts for goods or services upon the same terms as any other entity, outside of the collective bargaining

7

Case 2:19-cv-01233-JPS   Filed 08/26/19   Page 7 of 9   Document 1

context;

c. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as the Court deems just and proper.

**Count III**
**Prohibition on Disfavored Speech**

30. Plaintiffs reallege and incorporate herein by reference each and every allegation of Paragraphs 1-21.

31. Act 10 further infringes on the First Amendment rights of public employees through its absolute prohibition on voluntary dues deductions. Wis. Stat. § 111.70(3g).

32. An employee may wish to support a Union or other non-profit entities through a wage deduction.

33. Act 10's blanket prohibition on wage deductions for Union dues constitutes a content based restriction on public employees' First Amendment rights.

34. Act 10's blanket prohibition on wage deductions for Union dues further violates the Plaintiffs' equal protection rights under the First Amendment.

35. Plaintiffs acknowledge that both the District Court and the United States Court of Appeals for the Seventh Circuit have upheld the payroll dues deduction prohibition pursuant to Act 10, but assert in good faith that in light of the Supreme Court's decision in *Janus,* such prior determinations should be re-visited.

WHEREFORE, Plaintiffs respectfully request the following relief:

a. A declaration that the changes made pursuant to Act 10, to Wisconsin Statute § 111.70, are unconstitutional in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983 and therefore unlawful and invalid as applied to unions, employers, and employees;

b. An injunction enjoining Defendants, their agents, employees, assigns, and all persons acting in concert or participation with them from enforcing Wisconsin Statute §111.70 to the extent that it prohibits municipal employees from having their dues deducted from their pay checks on the same terms and conditions as other municipal employees have other pay check deductions from their wages;

c. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and,

d. Such other and further relief as the Court deems just and proper.

Dated: August 26, 2019	Respectfully submitted,

By: /s/ Brian C. Hlavin

Attorneys for Plaintiffs
Brian C. Hlavin (WI Bar No. 1044654)
Patrick N. Ryan (WI Bar No. 1102188)
Baum Sigman Auerbach & Neuman, Ltd.
c/o IUOE Local 139
N27 W23233 Roundy Drive
P.O. Box 130
Pewaukee, WI 53072
Ph. 312/236-4316
Fx. 312/236-0241
*bhlavin@baumsigman.com*
*pryan@baumsigman.com*

I:\139\ACT 10\complaint.8-23-19.docx