# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL
139, AFL-CIO, KAREN ERICKSON,
and HEATH HANRAHAN,

Plaintiffs,

v.

JAMES J. DALEY *in his official capacity as Chairman of the Wisconsin Employment Relations Commission*,

Defendant,

and

WISCONSIN LEGISLATURE and
KRISTI KOSCHKEE,

Movants.

Case No. 19-CV-1233-JPS

**ORDER**

On March 3, 2020, the Court issued an order in which it granted Defendant's motion to dismiss in part, and requested that Plaintiffs brief the issue of standing as to the first count in their complaint. (Docket #38). Plaintiffs have submitted a brief on the issue of standing, and request leave to amend their complaint. (Docket #40 at 2). Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit has stressed that district courts should allow amendments "unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343,

358 (7th Cir. 2015). Courts favor granting leave to amend, but they act within their discretion to deny such leave when there is a substantial reason to do so. *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). For the reasons explained below, the Court will not grant leave to amend because it would be futile—Plaintiffs cannot allege Article III standing.[1]

In order to establish Article III standing, Plaintiffs must allege that Defendant caused them an injury in fact that can be remedied by the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs "suffer an 'injury in fact'" where they allege "an invasion of a legally protected interest which is (a) concrete and particularized. . .and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* Additionally, there must be "a causal connection between the injury and the conduct complained of." *Id*. In other words, "the injury has to be fairly traceable to the challenged action of the defendant and not. . .the result of the independent action of some third party not before the court." *Id*. (citation and internal grammatical marks omitted). Finally, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. (citations and quotations omitted).

Count One of the complaint alleges that a provision of Act 10, which requires annual elections to recertify union representatives, results in unconstitutionally compelled speech because it effectively provides that non-votes will be counted as votes against union representation, rather than simply not being counted. *See* (Docket #38 at 3). The Court explained that

---

[1]Since this will result in the dismissal of the case, the pending motions to intervene, (Docket #13, #18), will be denied as moot, as will a motion to extend time to file a reply in support of a motion to intervene, (Docket #32).

the right to vote runs to the individual plaintiffs, not the union, therefore the individual plaintiffs must have standing to sue. *Id.* at 3–4.

In their supplemental brief, Plaintiffs explain that they can amend their complaint to sufficiently allege an injury in fact as to Karen Erickson ("Erickson"). Plaintiffs would add the following facts: Erickson was a member of Local 139; she abstained from voting in the 2019 recertification process; she did and does want Local 139 to serve as her exclusive bargaining representative; and her abstention of voting was "not intended to express an intent that she was voting against representation by Local 139. At most, her intent in abstaining from voting was to accept the will of those who chose to vote." (Docket #40 at 3). The amended complaint would further allege that Erickson's non-vote was converted to a "no" vote, thus compelling her to speak in a manner "inconsistent with her wishes on the question of whether she wanted Local 139 to continue to represent the bargaining unit." *Id.* This, in turn, caused her injury.

Plaintiffs also submit that their amended complaint would allege the following facts as to Heath Hanrahan ("Hanrahan"): he was a Local 139 member, he *did* vote in favor of Local 139 continuing to be his exclusive bargaining representative, and he suffered an unconstitutional dilution of speech when "the compelled speech of the non-voters lead to results which actually reversed the will of those who did vote." *Id.* at 4.

Although Erickson and Hanrahan may be able to show injury, they are unable to adequately allege causation. If a majority of union members did not vote for recertification knowing full well that such abstention constituted a "no" vote, then Erickson and Hanrahan's injury would be fairly traceable to their fellow union members, not Defendant. Additionally, even if Erickson and Hanrahan could plausibly allege that every single one

of their fellow union members abstained from voting because they intended to express something other than a "no" vote, and were all injured because they also wanted the union to be recertified, then the cause of the injury would still, arguably, be fairly traceable to themselves and to each other. In other words, it very difficult to see how the injury is "fairly traceable" to Defendant, rather than "the result of the independent action of some third party not before the court," i.e., all eligible union voters who chose not to vote. *Lujan*, 504 U.S. at 560. In short, Article III standing on this issue requires a nigh impossible pleading. For these reasons, the Court concludes that any amendment of the complaint would be futile.

Perhaps because of this standing deficiency, the Court is not aware of any cases that consider whether a statute that counts non-votes as "no" votes violates the First Amendment. The few cases to contemplate such statutes are permissive. For example, in *Cty. of Cass v. Johnston*, 95 U.S. 360, 369 (1877), the Supreme Court set forth the general principle that "[a]ll qualified voters who absent themselves from an election duly called are presumed to assent to the expressed will of the majority of those voting, unless the law providing for the election otherwise declares." Thus, the Supreme Court envisaged that a legislature could pass a law requiring a majority of voters to weigh in, though it did not specifically address the constitutionality of such a provision. Similarly, in *Green v. U.S. Dep't of Ag.*, No. 00-0579, 2000 WL 682657, at *14 (S.D. Ind. May 5, 2000), a statute "require[d] approval by a majority of all eligible voters, and not approval by only a majority of those who chose to vote." *Id.* When the statute was not followed, a group of non-voters successfully sued for an injunction to secure the outcome that they sought by not voting. *Id.* Thus, the prevailing rule is,

> **[i]n the absence of a statutory provision to the contrary,** voters not attending the election or not voting on the matter submitted are presumed to assent to the expressed will of those attending and voting and are not to be taken into consideration in determining the result.

26 Am. Jur. 2d, Elections § 376 (Jan. 2020 update) (emphasis added). The provision in Act 10 is clearly an exception to the general rule, but it has long been contemplated as an option in the democratic process.

Accordingly,

**IT IS ORDERED** that the Defendant's motion to dismiss (Docket #9) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Wisconsin Legislature and Kristi Koschkee's motions to intervene (Docket #13, #18) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the Wisconsin Legislature's unopposed motion for an extension of time (Docket #32) is **DENIED as moot**;

**IT IS FURTHER ORDERED** that Count One of the complaint be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of April, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge